PAUL GRAVILLE, Respondent, *against* THE MANHATTAN
RAILWAY COMPANY, Appellant.

(Decided January 16th, 1885).

A regulation of an elevated railway company forbidding passengers to
stand upon the platforms of the cars, is a reasonable and proper one, and
if a passenger refuses to comply with it when there is room inside the
cars which can conveniently be reached, the servants of the company
may lawfully eject him from the train at any regular station; but they
have no authority to take hold of him for the purpose of coercing him to
go inside the car.

APPEAL from a judgment of this court entered upon the
verdict of a jury, and from an order denying a motion for a
new trial.

The action was brought to recover damages for assault
and battery and for false imprisonment of plaintiff by a
servant of defendant. At the trial the jury found a verdict
for plaintiff. A motion by defendant for a new trial was
denied, and judgment was entered on the verdict. From
the judgment and the order denying the motion for a new
trial, defendant appealed.

*Robert E. Deyo*, for appellant.

*L. A. Gould*, for respondent.

ALLEN, J.—The plaintiff was a passenger on one of the
cars of the defendant company on the 9th of October, 1881.
The cars of the train were crowded with passengers, and
the plaintiff, with others, stood upon the platform. When
the train reached 34th street, the brakeman asked him and
others to go inside the car. They answered that there was
no room inside, and remained upon the platform until the
42nd street station was reached. At that place many people
left the train, and the cars were not as crowded as before.

after leaving 42nd street, the conductor again asked the plaintiff to go inside the car, and he refused to do so. The conductor then took hold of the plaintiff and forced him inside the car. The plaintiff was put off the train at the 47th street station.

The jury rendered a verdict for the plaintiff.

On this appeal only one exception to the charge of the trial judge was discussed by the counsel for the appellant as a ground for reversing the judgment. The instruction excepted to is as follows:

" But whether Mr. Graville should or should not recover for an assault and battery depends, as I have already said, upon whether force was improperly used against him; it was proper to remove him from the car if he stood in the passageway or door and blocked it up and refused to take a seat when it was pointed out to him. If there was no seat there, he could not be compelled to go inside, and he was not guilty of disorderly conduct in refusing to form one of a mass which stood inside the car."

The question raised by the instruction above quoted and the exception to it, is the only one before the court.

The regulation of the defendant forbidding passengers standing upon the platform of the cars, is a reasonable and proper one. If there is room inside the cars, which can be conveniently reached, and the conductor requests a passenger to go inside, the request is a reasonable one. If the passenger refuses to comply with it, the servants of the company may properly and lawfully eject him from the train at any regular station. Such refusal, however, does not give them authority to take hold of a passenger for the purpose of coercing him to go inside the car. Obedience to the regulations of a railway company cannot be compelled by physical force, unless there be an exigency which requires immediate action.

In taking the plaintiff by the collar of his coat and forcing him inside the car, the conductor was guilty of an assault and battery which he was not justified in commit-

ting: he was equally at fault whether there were vacant seats in the car or not.

In this view of the case the jury could not have been influenced to the prejudice of the defendant by the language of the trial judge to which exception has been taken.

The judgment should be affirmed.

LARREMORE and J. F. DALY, JJ., concurred.

Judgment affirmed.